IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PITA SANTOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1869 |
| | § | |
| TEXAS WORKFORCE COMMISSION, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Luis Alberto Pita Santos, filed suit against his former employer, Evergreen Alliance Golf Limited, LP ("EAGL") and the Texas Workforce Commission. In a 120-page filing that contains a number of unintelligible, rambling, and unconnected statements, Santos appears to allege that he was fired based on discrimination and in retaliation for protected activities. He also alleges that the Texas Workforce Commission, which through its Civil Rights Division investigated the EEOC complaint Santos filed, was complicit in violating his rights.

Both the TWC and EAGL have moved to dismiss and to require a more definite statement. (Docket Entry No. 6, 8). TWC asserts, among other grounds for dismissal, that it is immune from suit and that no claim can be asserted against it under Title VII. EAGL asserts that only the claims raised in the EEOC complaint – termination on the basis of national origin discrimination and in retaliation for engaging in protected activity – may

proceed in this case. Both TWC and EAGL have also urged that the complaint is so far removed from the standard set out in Rule 8(a) of the Federal Rules of Civil Procedure as to require a more definite statement.

Federal Rule of Civil Procedure 12(e), Motion for a More Definite Statement provides in relevant part:

> **(e) Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed.R.Civ.P. 12(e). The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co. v. McGriff, Seibels & Willaims, Inc.,* 235 F.R.D. 632, 633 (E.D. La.2006) (quoting *Advanced Commun. Tech., Inc. v. Li,* No. 05-4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005)). In evaluating a motion for more definite statement a court must assess the complaint in light of the minimal pleading requirements of Rule 8, which states as follows:

> **a) Claim for Relief.** A pleading that states a claim for relief must contain:
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that

>    the pleader is entitled to relief; and
>            **(3)** a demand for the relief sought, which may include
>    relief in the alternative or different types of relief.

FED. R. CIV. PRO. 8(a).

The complaint in the present case is not short or plain in any respect. It is extremely difficult to follow. It is unclear whether the entire 120 page submission is the complaint or whether portions are intended as exhibits. It is unclear why many of the statements, such as those referring to the political situation in Cuba, are included. The complaint is so rambling, hyperbolic, and otherwise unintelligible as to make it difficult for the court to determine what claims are asserted and the relationship between those claims and the EEOC charge. Accordingly, the motions for more definite statement are granted.

No later than **August 15, 2008**, Santos must file an amended complaint consistent with the Rule 8 requirements. A failure to do so may lead to the dismissal of this suit. Santos is specifically informed that his *pro se* status provides no excuse for not complying with the rules. Courts have dismissed needlessly prolix and confusing complaints after the plaintiff failed to take advantage of an invitation to cure the defects by filing an amended complaint that complies with the rule requirements. *See, e.g.*, *Garst v. Lockheed-Martin Corp.,* 328 F.3d 374 (7th Cir. 2003); *Kuehl v. FDIC,* 8 F.3d 905 (1st Cir. 1993); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

Santos has also asked for appointment of counsel. (Docket Entry No. 2). Title VII provides that "upon application by the complainant and in such circumstances as the court

may deem just, the court may appoint an attorney for such complainant." [1] Although this section grants the right to request an attorney, it does not confer a right to have one appointed. The decision whether to appoint an attorney is one within the broad discretion of the trial judge given the particular facts of the case. *Gonzalez v. Carlin,* 907 F.2d 573, 579 (5th Cir. 1990). The following three factors are generally balanced by courts in determining whether to appoint an attorney: (1) the merits of the claim; (2) the plaintiff's own efforts to secure private counsel; and (3) the plaintiff's financial ability to retain private counsel. *Carlin,* 907 F.2d at 580; *Salmon v. Corpus Christi Indep. Sch. Dist.,* 911 F.2d 1165, 1166 (5th Cir.1990); *Campbell v. NFI Management, Inc.*, No. SA-07-CV-0335 OG (NN), 2007 WL 1160413, at *1 (W.D.Tex. Apr. 17, 2007). Applying these factors to the present record leads to the denial of the plaintiff's request for court appointed counsel. He fails to demonstrate in an intelligible manner the attempts to retain counsel and why they have been unsuccessful. And at this stage, it is unclear if this cause has merit.

      SIGNED on July 28, 2008, at Houston, Texas.

                                                      _____
                                                        Lee H. Rosenthal
                                                       United States District Judge

---

[1] 42 U.S.C. § 2000e-5(f)(1).