IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PITA SANTOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1869 |
| | § | |
| TEXAS WORKFORCE COMMISSION, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Luis Alberto Pita Santos, filed suit against his former employer, Evergreen Alliance Golf Limited, LP ("EAGL"), the Texas Workforce Commission, and the Equal Employment Opportunity Commission. Santos appears to allege that he was fired based on discrimination and in retaliation for protected activities. He also alleges that the EEOC, and Texas Workforce Commission, which through its Civil Rights Division investigated the EEOC complaint Pita Santos filed, was complicit in violating his rights.

The EEOC has moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6), and for failure to serve process under Fed. R. Civ. P. 4(i) and 12(b)(5). (Docket Entry No. 14). Pita Santos has not filed a response.

As the EEOC points out, Title VII does not confer jurisdiction over the EEOC for actions it takes under the statute. *Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002).

No statute allows an individual to sue the EEOC for damages in connection with its enforcement of Title VII or other antidiscrimination laws.  The courts have held that a charging party such as Santos does not have a cause of action against the EEOC based on its investigation into or disposition of a charge.  *See Newsome*, 301 F.3d at 231; *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997).  Instead, a party may sue the employer and seek a different result.

      The claims against the EEOC are dismissed.

      SIGNED on September 9, 2008, at Houston, Texas.

                              Lee H. Rosenthal
                             United States District Judge