**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| PITA SANTOS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-1869 |
| § | |
| TEXAS WORKFORCE COMMISSION, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

The plaintiff, Luis Alberto Pita Santos, sued his former employer, Evergreen Alliance Golf Limited, LP ("EAGL"), the Texas Workforce Commission, and the Equal Employment Opportunity Commission, alleging discrimination on the basis of race and national origin, retaliation, and conspiracy, among other claims. This court granted the EEOC's motion to dismiss for lack of subject-matter jurisdiction. (Docket Entry No. 20). This court also ordered Pita Santos to file an amended complaint that provided a more definite statement of his claims under Rule 12(e) and that met the requirements of Rule 8 of the Federal Rules of Civil Procedure. (Docket Entry Nos. 13, 27). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a).

On September 30, 2008, Pita Santos filed a document that he described as the modification of his statement to fulfill the order to replead. (Docket Entry No. 29). On October 9, 2008, EAGL moved to dismiss under Rule 41(b) of the Federal Rules of Civil

Procedure for failure to comply with Rule 8 and this court's orders.  Alternatively, EAGL moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim on which relief can be granted under Rule 12(b)(6).  (Docket Entry No. 31).  On October 7, 2008, TWC moved to dismiss on the basis of immunity from suit in federal court.  (Docket Entry No. 30).

Based on a careful review of the pleadings, the motions, the parties' submissions, and the applicable law, this court grants in part and denies in part EAGL's Rule 41(b) motion to dismiss and grants EAGL's Rule 12(b)(6) motion to dismiss Pita Santos's retaliation claim, allowing Pita Santos to amend the retaliation claim once more.  TWC's motion to dismiss is granted because it is a state agency immune from suit in federal court under the Eleventh Amendment.  The reasons for these rulings are explained below.

**I.     Background**

Pita Santos's initial complaint was a 120-page filing with many rambling and unconnected statements.  Pita Santos appeared to allege that he was fired based on national-origin discrimination and in retaliation for protected activities.  (Docket Entry No. 1).  Pita Santos also alleged that the EEOC and the Texas Workforce Commission, which through its Civil Rights Division investigated the EEOC complaint Santos filed, were complicit in violating his rights.  EAGL and TWC moved to dismiss and to require a more definite statement.  On July 28, 2008, this court ordered Pita Santos to file an amended complaint consistent with the Rule 8 requirements.  (Docket Entry No. 13).

Pita Santos filed an amended complaint on August 13, 2008.  (Docket Entry No. 15).

Although the first amended complaint was shorter, it did not provide a short and plain statement of the claims against the defendants. Pita Santos did not allege what conduct by the defendants was improper or unlawful, as necessary to give the defendants notice of the claims against them. Instead, Pita Santos made "continuing allegations and complaints against many offenders entrepreneurs Eagles with a plot increased number of rulers, criminals and TWCCRD, EEOC, offices of Texas San Antonio, Dallas and Central Texas (perhaps some already deposed or replaced) to conceal a increased number of violations, crime and damage types of labor and civilians to mi person for over 16 months, and having provided ample proof and evidence, I reiterate my complaint so categorical, emphatic and concise against" EAGL, TWC, and EEOC. (*Id.*). Pita Santos alleged that EAGL is "guilty of crimes of discrimination and retaliation" and that TWC and EEOC are "guilty of crimes of complicity and prevarication." (*Id.*). Pita Santos alleged that EAGL discriminated against him based on the fact that he was "1) Spanish-Cuban who speaks and understands very little English; 2) Professor university graduate of History and Political Economy; 3) Leading express and tortured by the tyranny in Cuba for dissent and opposing his facing; 4) Defender of Human Right for my homeland, both on the island and in exile; 5) Scientific and innovative certain educational ane methodological advances that will be useful for the progress and welfare of U.S. and the world; 6) Excellent job, insurmountable for the rest of my colleagues in the maintenance department in Cinco Ranch and at any other centers where he worked above and beyond; 7) Revindicative of human rights, civil and labor mine and those of my colleagues at work." With respect to the TWC and EEOC, Pita Santos appeared

to allege that the TWC protected and upheld his unfair termination from EAGL by dismissing "all [his] statements legitimate applicants with many credible evidence." (Docket Entry No. 15). Pita Santos also alleged that the TWC and EEOC are abusers of political power and judicial branches, that they embezzle and squander taxpayer dollars, and that they "aggravate and selfish advantage the damages of the crimes perpetrated against workers." (*Id.*).

On September 9, 2008, this court granted the EEOC's motion to dismiss the claim against it, on the ground that there is no cognizable claim for damages from the EEOC for actions taken in connection with its enforcement of Title VII. (Docket Entry No. 20). EAGL and TWC renewed their motions to dismiss and EAGL again moved to require a more definite statement. At the Rule 16 initial pretrial conference on September 26, 2008, the defendants appeared by telephone. On September 30, 2008, Pita Santos filed a document titled "Total Absence of My Legal Contenders." (Docket Entry No. 28). In that document, Pita Santos contended the defendants did not appear in person at the initial conference because they recognized the failure of their arguments and "preferred to avoid the confrontation of a very humiliating defeat." (*Id.*). During the initial conference, EAGL and TWC reiterated their requests for more definite statement. This court again ordered Pita Santos to file a short, plain statement of his claims against EAGL and TWC.

Pita Santos filed another "modified" statement. (Docket Entry No. 29). After EAGL and TWC moved to dismiss, Pita Santos filed documents entitled "Proclaim Plan of Peaceful Protest," (Docket Entry No. 32), "Abuse of Power," (Docket Entry No. 34), "A World Public

Opinion," (Docket Entry No. 35), and "Proofs," (Docket Entry No. 37).

**II.     Analysis**

    **A.     The Claims Against EAGL**

A complaint must contain (1) "a short and plain statement of the grounds upon the Court's jurisdiction depends" and (2) "a short and plain statement of the claim" showing that the Plaintiff is entitled to relief.  FED. R. CIV. P. 8(a).  Rule 41(b) of the Federal Rules of Civil Procedure states that "if the plaintiff . . . fails to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  When a complaint fails to comply with Rule 8, it may be dismissed under Rule 41(b).  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  *Id.*  Although *pro se* pleadings are to be liberally construed, that does not eliminate the Rule 8(d) requirement that "[e]ach allegation must be simple, concise, and direct."

Liberally construed, the second amended complaint, (Docket Entry No. 29), alleges discrimination on the basis of national origin ("Being a foreigner, Spanish-Cuban").  It also appears to allege retaliation for protected activity ("Claimed human rights, civil and industrial mine, and those of my colleagues at work"), but it is not clear whether this activity occurred before or after Pita Santos was fired.  Specific employment actions are alleged, including delay in the delivery of a uniform, three unfair reprimands, denying the opportunity to work overtime, reducing the salary to two days of work, and "kicking me from my job." (Docket Entry No. 29).  These factual allegations provide fair notice of the nature of the

claim and of the grounds on which the claim rests. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), *Sonnier v. State Farm Mut. Auto. Ins. Co.*, __ F.3d __, No. 07-30098, 2007 WL 4260892, at *1 (5th Cir. Dec. 6, 2007) (quoting *Twombly*, 127 S. Ct. at 1974); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). EAGL's Rule 41(b) motion to dismiss Pita Santos's claims for discrimination based on national origin and retaliation is denied.

EAGL argues that Pita Santos has not stated a *prima facie* case of retaliation because he was fired before he filed his EEOC charge. A *prima facie* case of retaliation under Title VII requires that: 1) the plaintiff participated in an activity protected by Title VII; 2) his employer took an adverse employment action against him; and 3) a causal connection exists between the protected activity and the adverse employment action. *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008). A *prima facie* case of retaliation under Title VII requires a showing that the decisionmaker was aware of protected activity; otherwise, there can be no causal connection between the protected activity and any adverse employment action taken by that decisionmaker. *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999); *see also Corley v. Jackson Police Dep't*, 639 F.2d 1296, 1300 (5th Cir. 1981) ("[A]n employer cannot be guilty of retaliation for an employee's opposition to discrimination unless he is aware of that opposition."). There is no causal connection when an adverse employment action occurs before the plaintiff engages in activity protected by Title VII. *See Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 507 (5th Cir. 1994) (stating that adverse employment action must follow the protected activity); *Thomas v. Exxon U.S.A.*,

943 F.Supp. 751, 763 (S.D. Tex. 1996) (granting summary judgment on retaliation claim where adverse employment action occurred before plaintiff complained of discrimination).

Pita Santos filed a charge of discrimination with the EEOC on June 5, 2007 asserting that he had been terminated on May 30, 2007. (Docket Entry No. 31, Ex. 1). EAGL contends that the EEOC charge is Pita Santos's "one and only act of protected conduct." (Docket Entry No. 31, at 9). Pita Santos's complaint does not allege that he engaged in any protected activity before he was terminated or set out specific facts showing any such activity. Pita Santos has failed to plead a retaliation claim.

EAGL's motion to dismiss Pita Santos's retaliation claim is granted. Pita Santos may amend no later than December 19, 2008 to allege complaints, if any, that he made to his employer about discrimination or other protected activity before he was fired, and that he asserts as the basis for his retaliation claim.

### B.     The Claims Against TWC

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utilities Company, Local Union Number 2286, et al.*, 794 F.2d 974, 980 (5th Cir. 1986). A suit against a state agency "is a suit against the state." *Id.* "The [TWC] is a state agency established to operate an integrated workforce development system in" Texas. TEX. LABOR CODE § 301.001. Although judicial review of TWC's decisions is permissible under Texas law, "a state's consent to be sued in its own courts does not constitute consent to such a suit in federal court." *Daigle*, 794 F.2d at 980 (citing *Pennhurst State School and Hospital, et al. v.*

7

*Halderman, et al.*, 465 U.S., 89, 100 n. 9, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)).  A state's immunity from suit, however, is not absolute.  *Meyers v. Texas*, 410 F.3d 236, 241 (5th Cir.2005).  A state "may waive its sovereign immunity by consenting to suit." *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, et al.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).  Waiver is present if the state voluntarily invokes federal-court jurisdiction or makes a clear declaration that it intends to submit itself to federal-court jurisdiction.  *Meyer*, 410 F.3d at 241.

Nothing in the Texas statutory scheme clearly indicates that Texas has waived its immunity from suit in federal court.  *See Beene v. Aramark Healthcare Support Services, Inc.*, 2007 WL 1468706 (N.D. Tex. 2007).  To the contrary, the State of Texas has given limited consent to be sued in state court in suits seeking review of TWC decisions under the Texas Unemployment Compensation Act, (TUCA), TEX. LAB. CODE § 201.001 *et seq.*  Pita Santos did not allege or argue that TWC has consented to be sued in federal court or that TWC waived its Eleventh Amendment immunity. The Eleventh Amendment precludes Pita Santos's suit against TWC.

## III.    Conclusion

EAGL's motion to dismiss is denied as to the national-origin discrimination claim and granted as to the retaliation claim.  Pita Santos must file any amendment to attempt to cure the pleading problems with the retaliation claim no later than December 19, 2008.

TWC's motion to dismiss based on immunity is granted.

      SIGNED on November 17, 2008, at Houston, Texas.

                                                Lee H. Rosenthal
                                        United States District Judge