IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PITA SANTOS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-1869 |
| § | |
| TEXAS WORKFORCE COMMISSION, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

The plaintiff, Luis Alberto Pita Santos, sued his former employer, Evergreen Alliance Golf Limited, LP ("EAGL"), the Texas Workforce Commission, and the Equal Employment Opportunity Commission alleging discrimination on the basis of race and national origin, retaliation, and conspiracy, among other claims.[1] On November 17, 2008, this court granted EAGL's motion to dismiss the retaliation claim because Pita Santos did "not allege that he engaged in any protected activity before he was terminated or set out specific facts showing any such activity." (Docket Entry No. 38). This court allowed Pita Santos to attempt to cure the pleading problems by December 19, 2008 by alleging "complaints, if any, that he made to his employer about discrimination or other protected activity before he was fired, and that he asserts as the basis for his retaliation claim." (*Id.*).

On December 5, 2008, Pita Santos filed his fifth "modified" statement to "rethink and reaffirm" his continuing complaints. (Docket Entry No. 41). Pita Santos also filed documents titled "For My Vindications and For My Human Rights," (Docket Entry No. 42), and "Open Letter: Proof

---

[1] The claims against the EEOC were dismissed for lack of subject-matter jurisdiction. (Docket Entry No. 20). The claims against the TWC were dismissed because it is a state agency immune from suit in federal court under the Eleventh Amendment. (Docket Entry No. 38).

81," (Docket Entry No. 43). EAGL again moved to dismiss the retaliation claim under Rule 12(b)(6). (Docket Entry No. 44).

Based on a careful review of the pleadings, the motions, the parties' submissions, and the applicable law, this court finds that Pita Santos has failed to allege that he engaged in protected activity before he was fired from his job and grants EAGL's motion to dismiss Pita Santos's retaliation claim. The reasons are explained below. The scheduling conference on the discrimination claim is set for **March 11, 2009, at 2:00 p.m.** in Courtroom 11-B.

**I.     Background**

Pita Santos's initial complaint was a 120-page filing with rambling and unconnected statements. Pita Santos appeared to allege that he was fired based on national-origin discrimination and in retaliation for protected activities. (Docket Entry No. 1). Pita Santos also alleged that the EEOC and the Texas Workforce Commission, which through its Civil Rights Division investigated the EEOC complaint Santos filed, were complicit in violating his rights. EAGL and TWC moved to dismiss and to require a more definite statement. On July 28, 2008, this court ordered Pita Santos to file an amended complaint consistent with the Rule 8 requirements. (Docket Entry No. 13).

Pita Santos filed an amended complaint on August 13, 2008. (Docket Entry No. 15). Although the first amended complaint was shorter, it did not provide a short and plain statement of the claims against the defendants. Pita Santos did not allege what conduct by the defendants was improper or unlawful. Instead, Pita Santos made "continuing allegations and complaints against many offenders entrepreneurs Eagles with a plot increased number of rulers, criminals and TWCCRD, EEOC, offices of Texas San Antonio, Dallas and Central Texas (perhaps some already deposed or replaced) to conceal a increased number of violations, crime and damage types of labor

and civilians to mi person for over 16 months, and having provided ample proof and evidence, I reiterate my complaint so categorical, emphatic and concise against" EAGL, TWC, and EEOC. (*Id.*).  Pita Santos alleged that EAGL is "guilty of crimes of discrimination and retaliation" and that TWC and EEOC are "guilty of crimes of complicity and prevarication."  (*Id.*).  Pita Santos alleged that EAGL discriminated against him based on the fact that he was "1) Spanish-Cuban who speaks and understands very little English; 2) Professor university graduate of History and Political Economy; 3) Leading express and tortured by the tyranny in Cuba for dissent and opposing his facing; 4) Defender of Human Right for my homeland, both on the island and in exile; 5) Scientific and innovative certain educational ane methodological advances that will be useful for the progress and welfare of U.S. and the world; 6) Excellent job, insurmountable for the rest of my colleagues in the maintenance department in Cinco Ranch and at any other centers where he worked above and beyond; 7) Revindicative of human rights, civil and labor mine and those of my colleagues at work."  With respect to the TWC and EEOC, Pita Santos appeared to allege that the TWC protected and upheld his unfair termination from EAGL by dismissing "all [his] statements legitimate applicants with many credible evidence."  (Docket Entry No. 15).  Pita Santos also alleged that the TWC and EEOC are abusers of political power and judicial branches, that they embezzle and squander taxpayer dollars, and that they "aggravate and selfish advantage the damages of the crimes perpetrated against workers."  (*Id.*).

On September 9, 2008, this court granted the EEOC's motion to dismiss the claim against it, on the ground that there is no cognizable claim for damages from the EEOC for actions taken in connection with its enforcement of Title VII.  (Docket Entry No. 20).  EAGL and TWC renewed their motions to dismiss and EAGL again moved to require a more definite statement.  At the Rule

16 initial pretrial conference on September 26, 2008, the defendants appeared by telephone. On September 30, 2008, Pita Santos filed a document titled "Total Absence of My Legal Contenders." (Docket Entry No. 28). In that document, Pita Santos contended the defendants did not appear in person at the initial conference because they recognized the failure of their arguments and "preferred to avoid the confrontation of a very humiliating defeat." (*Id.*). During the initial conference, EAGL and TWC reiterated their requests for a more definite statement. This court again ordered Pita Santos to file a short, plain statement of his claims against EAGL and TWC.

Pita Santos filed another "modified" statement. (Docket Entry No. 29). On October 9, 2008, EAGL moved to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with Rule 8 and this court's orders. Alternatively, EAGL moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim on which relief can be granted under Rule 12(b)(6). (Docket Entry No. 31). On October 7, 2008, TWC moved to dismiss on the basis of immunity from suit in federal court. (Docket Entry No. 30). After EAGL and TWC moved to dismiss, Pita Santos filed documents entitled "Proclaim Plan of Peaceful Protest," (Docket Entry No. 32), "Abuse of Power," (Docket Entry No. 34), "A World Public Opinion," (Docket Entry No. 35), and "Proofs," (Docket Entry No. 37).

This court granted the TWC's motion to dismiss based on Eleventh Amendment immunity. (Docket Entry No. 38). With respect to the claims against EAGL, this court found that "[l]iberally construed, the second amended complaint . . . alleges discrimination on the basis of national origin ("Being a foreigner, Spanish-Cuban"). It also appears to allege retaliation for protected activity ("Claimed human rights, civil and industrial mine, and those of my colleagues at work"), but it is not clear whether this activity occurred before or after Pita Santos was fired." (*Id.*). This court

denied EAGL's motion to dismiss as to the national-origin discrimination claim but granted the motion as to the retaliation claim. (*Id.*). Pita Santos's attempt to cure the pleading problems with the retaliation claim and EAGL's renewed motion to dismiss followed.

## II.     Analysis

Pita Santos's latest amended complaint, liberally construed, does not allege that he engaged in activity protected by Title VII before he was fired from his job at EAGL. Title VII's antiretaliation provision has two clauses that describe protected activity, making it "an unlawful employment practice for an employer to discriminate against any of his employees . . . [1] because he has opposed any practice made an unlawful employment practice by this subchapter, or [2] because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). One is known as the "opposition clause," the other as the "participation clause." *Crawford v. Metropolitan Gov't of Nashville and Davidson County, Tenn.*, 129 S.Ct. 846, 849 (2009).

A *prima facie* case of retaliation requires that: (1) the plaintiff engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *See McCoy*, 492 F.3d at 556-57. A *prima facie* case of retaliation under Title VII requires a showing that the decisionmaker was aware of protected activity; otherwise, there can be no causal connection between the protected activity and any adverse employment action taken by that decisionmaker. *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999); *see also Corley v. Jackson Police Dep't*, 639 F.2d 1296, 1300 (5th Cir. 1981) ("[A]n employer cannot be guilty of retaliation for an employee's opposition to discrimination unless he is aware of that opposition."). There is no causal connection when an adverse employment action

occurs before the plaintiff engages in activity protected by Title VII. *See Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 507 (5th Cir. 1994) (stating that adverse employment action must follow the protected activity); *Thomas v. Exxon U.S.A.*, 943 F.Supp. 751, 763 (S.D. Tex. 1996) (granting summary judgment on retaliation claim where adverse employment action occurred before plaintiff complained of discrimination).

In the latest amended complaint, Pita Santos reiterates that he "[c]laimed human rights, civil and industrial mine, and those of my colleagues at work." (Docket Entry No. 42, at 5). He alleges that his supervisor rejected his repeated requests "to correct dozens of technical shortcomings (and methodological work) in our workshop that was damaging to our collective labour productivity." (*Id.*). Pita Santo also alleges that his supervisor rejected "the proposition that I am out for your initiative through administrative or a timely meeting of workers convened for that purpose. In which I would be willing to expose those weaknesses and help to eliminate them. With the warning that failure to comply would be clarified to report them to senior management of EAGL." (*Id.*). He alleges that EAGL retaliated against him "because of [his] insistent claims to the superintendent to be settled more than twenty-five administrative deficiencies." (*Id.*).

Pita Santos alleges that he complained about "technical shortcomings" and "methodological work" that "was damaging to our collective labour productivity." He does not allege that he opposed an unlawful employment practice under Title VII or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII before he was fired from his job at EAGL. Pita Santos' EEOC charge of discrimination, filed six days *after* his termination, is the only protected activity revealed by the pleadings in this case. Pita Santos's latest complaint does not allege that he engaged in any protected activity before he was terminated or set

out specific facts showing any such activity.  Pita Santos has failed to plead a retaliation claim.

### III.  Conclusion

Pita Santos has failed to plead that he engaged in protected activity before he was terminated by EAGL.  EAGL's motion to dismiss the retaliation claim is granted.

The discrimination claim remains in this case.  A scheduling conference is set for **March 11, 2009, at 2:00 p.m.** in Courtroom 11-B.

SIGNED on February 24, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge